IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE RICE, JR.,

    Plaintiff,

v.                                                            Civ. No. 22-625 GBW/KRS

UNITED PARCEL SERVICE, INC.,

    Defendant.

## ORDER DENYING MOTION TO REMAND TO STATE COURT

THIS MATTER comes before the Court on Plaintiff's Motion to Remand to State Court (*doc. 7*). Having considered the Motion and the attendant briefing (*docs. 8*, *10*), the Court will DENY the Motion.

**I.     BACKGROUND**

Plaintiff brings a state law claim for discrimination on the basis of disability under the New Mexico Human Rights Act. *Doc. 1* at 6-8. In his Complaint, Plaintiff seeks "compensatory damages that would make him whole for all earnings he would have received but for Defendant's discriminatory and unlawful treatment, including, but not limited to, wages, pension, and other benefits" as well as "the costs for this action together with reasonable attorney's fees as provided by the New Mexico Human Rights Act" and "compensatory damages for his mental anguish and humiliation." *Id.* at 8.

Plaintiff initially filed his Complaint for Employment Discrimination on the Basis of Retaliation on May 20, 2022, in the Second Judicial District Court, Bernalillo County, New Mexico. *Id*. at 6. On August 19, 2022, Defendant filed a Notice of Removal that invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at 1. Defendant's Notice of Removal argues that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction because, among other damages, Plaintiff is seeking back pay at a yearly salary of $52,000 and "as of the filing of this notice, Plaintiff's sought back pay amounts . . . alone meets [sic] the jurisdictional threshold."[1] *Id*. at 3.

On September 19, 2022, Plaintiff filed the instant Motion to Remand to State Court (the "Motion") on the basis that the amount in controversy of the underlying action does not exceed the statutory threshold for establishing federal jurisdiction in diversity cases. *See doc. 7*. To support his contention that the amount in controversy requirement is not satisfied, Plaintiff attaches a "Binding Stipulation" to the Motion in which Plaintiff stipulates that "he is not seeking and will not seek in excess of the total sum of $75,000 in damages, inclusive of attorneys' fees, but exclusive of interests and costs, in the Litigation." *Doc. 7-1* at ¶ 2. Defendant filed its response on October 3, 2022.

---

[1] In its Response to Plaintiff's Motion to Remand, Defendant states that it had miscalculated Plaintiff's annual salary in the Notice of Removal and argues that the correct figure for Plaintiff's annual salary at the time of his termination is approximately $81,000. *Doc. 8* at 2.

2

*See doc. 8*. The Motion was fully briefed on October 17, 2022, *see doc. 11*, with the filing of Plaintiff's reply, *see doc. 10*.

## II.  LEGAL STANDARD

A defendant may remove an action to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has subject matter jurisdiction over an action if the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Federal jurisdiction attaches at removal and "the propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citations omitted).

When removing an action to federal court, a defendant's notice of removal must only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff contests the defendant's allegation regarding the amount in controversy, the defendant then has the burden to "affirmatively establish[]" that the amount in controversy requirement has been met. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citations omitted); *see also Dart Cherokee*, 574 U.S. at 89. To meet this burden, the defendant must identify jurisdictional facts that would "ma[k]e it possible that $75,000 [is] in play" and must prove those facts by a preponderance of the evidence. *McPhail*, 529 F.3d at 955.

### III.   ANALYSIS

Plaintiff argues that his stipulation divests the Court of jurisdiction since he is not seeking damages in excess of $75,000 and, as a result, the Court should remand the case to state court. *See generally doc. 7*. Defendant responds that Plaintiff's Complaint sought damages in excess of $75,000 and that Plaintiff's Motion and stipulation are an attempt to improperly "strip" this Court of jurisdiction. *Doc. 8* at 2-4. In addition, Defendant argues that Plaintiff's settlement demand of $70,000, which was made after Defendant removed the action, is not a "reasonable estimate" of Plaintiff's claim, and the demand letter provides "no explanation" of how Plaintiff reached the settlement figure. *Id.* at 7-8.

Defendant has met its burden to prove jurisdictional facts which show that more than $75,000 is in controversy in the underlying action. A common source of jurisdictional facts is an estimate of the amount in controversy from the facts and damages alleged by the plaintiff in the complaint. *See, e.g., Miranda v. Strike, LLC*, Civ. No. 16-1062 JCH/WPL, 2017 WL 3610538, at *2-3 (D.N.M. Jan. 18, 2017) (conducting a calculation of the potential damages from the allegations in plaintiff's complaint and finding that, even when using the lowest estimates for each of the alleged damages, the plaintiff's claims "place more than $75,000 at issue"). The defendant may also identify jurisdictional facts from evidence revealed during discovery, affidavits from the defense

describing "how much it would cost to satisfy the plaintiff's demands," or a "proposed settlement amount" from the plaintiff. *McPhail*, 529 F.3d at 956.

Plaintiff's Complaint seeks back pay as well as several other kinds of compensatory damages. *See doc. 1 at 8*. Plaintiff's payroll records from his time as an employee of Defendant as well as an affidavit from Defendant's Human Resources Director both indicate that Plaintiff was earning $38.95 per hour, which equates to an annual salary of $81,000 before any overtime or benefits. *See doc. 8 at 13-14, 16-28*. As Defendant describes, at the time of removal, Plaintiff had been terminated for approximately one year and nine months, meaning that Plaintiff's damages in back pay alone would total more than $75,000. *Id.* at 2. When other compensatory damages are factored in, the amount in controversy of the underlying action clearly exceeds $75,000.

Plaintiff makes no attempt in either his motion to remand or his reply to dispute Defendant's calculation of the amount in controversy. *See generally docs. 7, 10*. Plaintiff's only relevant argument is that Defendant admitted to incorrectly calculating Plaintiff's salary in its Notice of Removal. *Doc. 10 at 2*. Even Defendant's incorrect calculation, however, still places the amount in controversy above the $75,000 threshold, *see doc. 1 at 3*, and Defendant provides sufficient, and unrefuted, evidence that its second calculation of Plaintiff's salary is accurate, *see doc. 8 at 13-14, 16-28*.

Plaintiff's argument that the Court should remand his case based on his stipulation to accept no more than $75,000 in damages is unavailing. Once a federal

5

court's jurisdiction attaches to the action at the time of removal, a plaintiff cannot defeat federal jurisdiction by later stipulating to an amount of damages below the jurisdictional threshold. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). A stipulation of this kind would effectively allow a plaintiff to choose her forum at will and thus eliminate a defendant's right to removal. *St. Paul*, 303 U.S. at 294. Courts sometimes "give effect" to post-removal stipulations from a plaintiff if the "amount in controversy is not clear at the time of removal" and the "post removal stipulation . . . clarifies an otherwise ambiguous amount in controversy." *Garcia v. Timberlake*, Civ. No. 11-1017 JP/RHS, 2012 WL 13081216, at *3 (D.N.M. Jan. 12, 2012) (relying on the plaintiff's post-removal affidavit that the alleged damages in the original complaint were below $75,000 because the complaint alleged only ambiguous damages such as the "policy limit" of an insurance policy and "punitive damages," and the defendant did not provide any evidence or documentation that quantified these damages). Plaintiff's Complaint, however, is not ambiguous given that it alleges specific and calculable damages which exceed $75,000. As a result, Plaintiff's stipulation is not a "clarifi[cation]," *doc. 10* at 2, of Plaintiff's original request for damages, and the Court will not consider the stipulation as evidence of the amount in controversy.

    Plaintiff is also not permitted to defeat federal jurisdiction by submitting a settlement offer of $70,000 after removal has occurred. *See, e.g., Miranda*, 2017 WL

6

3610538, at *2-3 (holding that the court "cannot rely on [the plaintiff's settlement offer of $65,000] alone when the record contains other evidence of amount in controversy"). Although a settlement offer of less than or equal to $75,000 can be considered "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," *McPhail*, 529 F.3d at 956 (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)), Plaintiff's $70,000 settlement is not a reasonable estimate of the damages alleged in Plaintiff's complaint. As described above, a reasonable estimate of Plaintiff's alleged damages in back pay alone exceeds $70,000, and Plaintiff does not provide any explanation in either his settlement letter or his Motion to Remand for the $70,000 figure. *See doc. 8* at 11; *see generally docs. 7, 10*.

The cases that Plaintiff cites as support for his claim that "post-removal declarations can be considered by a court as a means to clarify the amount of damages sought in the underlying complaint," *doc. 10* at 1, do not persuade the Court that remand is appropriate. First, the bulk of Plaintiff's citations are to out-of-circuit cases, and Plaintiff fails to address any of the pertinent case law in the Tenth Circuit on this issue. Second, the facts of these cases are inapposite to the facts of the instant case. *See Baldori v. Delta Air Lines, Inc.*, No. 1:11-CV-102, 2011 WL 1212069, at *1, 3 (W.D. Mich. Mar. 29, 2011) (granting remand because the plaintiff's complaint was "vaguely-worded" and "Plaintiff's stipulation to cap his damages at $75,000 [did] not contradict any previous statements by Plaintiff regarding the value of his damages"); *Shearer v.*

7

*Ohio Cas. Ins. Co.*, Civil No. 5:12-cv-00188-JMH, 2013 WL 588149, at *1 (E.D. Ky. Feb. 13, 2013) (granting remand after the defendant failed to respond to the plaintiff's motion to remand); *Carter-Reed Co. v. Demulder*, No. 2:13CV1098 DAK, 2014 WL 2048298, at *4 (D. Utah May 19, 2014) (granting remand after the plaintiff explicitly stated in the complaint and a post-removal stipulation that it would not seek more than $75,000 in damages).

Finally, Plaintiff argues that "[s]ome federal courts even request that a plaintiff file an affidavit or stipulation that the plaintiff will not seek to recover damages in state court of more than $75,000 as a precondition for remand." *Doc. 10* at 2. Although this practice may exist, it is inapplicable in cases, such as this one, where the court finds that remand is otherwise not appropriate.

## IV. Conclusion

For the foregoing reasons, the Court finds that the amount in controversy requirement for establishing federal jurisdiction was met at the time of removal.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand to State Court (*doc.* 7) is DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**